THE DUQUESNE CLUB OF PITTSBURGH, APPELLANT, v. THE PENN BANK OF PITTSBURGH, RESPONDENT.

*Practice — when one foreign corporation can sue another in t. 's State — Code of Civil Procedure, sec. 1780.*

Since the adoption of section 1780 of the Code of Civil Procedure a foreign corporation cannot be sued in the courts of this State by a other foreign corporation, except in the three cases therein specifically prescribed.

The provisions of the said section so restricting the right to bring actions in this State against foreign corporations, do not conflict with the provisions of section 2 of article 10 of the United States Constitution, declaring that the citizens of each State shall be entitled to all the privileges and immunities of citizens in the several States.

APPEAL from an order made at Special Term vacating an attachment.

In May, 1884, the plaintiff, a foreign corporation, obtained, in this court, a warrant of attachment against the property of the defendant, also a foreign corporation, upon the ground, as stated in the warrant, "that the defendant is a foreign corporation."

For some time prior to the granting of the warrant, the plaintiff had kept its bank account with the defendant, at the city of Pitts-

burgh, in the State of Pennsylvania, where both corporations carried on business. At the time of applying for the attachment, the defendant had suspended payment, and, it is alleged, was then indebted to the plaintiff in the sum of $4,800—the balance on deposit to the plaintiff's credit at the time the bank suspended. The refusal by the defendant to pay this alleged balance is the cause of action set forth in the affidavit and complaint upon which the warrant of attachment was granted. The summons was served upon the defendant by publication. The defendant moved to vacate the attachment on the ground that, under section 1780 of the Code of Civil Procedure, the court had no jurisdiction in the premises. That motion was granted, and from the order entered vacating the attachment this appeal has been taken.

*A. C. Brown,* for the appellant.

*James Watson,* for the respondent.

DAVIS, P. J.:

Both the plaintiff and the defendant in this action are foreign corporations created under the laws of Pennsylvania, and having their place of business at Pittsburgh in that State. The plaintiff commenced its action against the defendant in this court by filing a summons and complaint, and obtaining an order for service of the same by publication on the ground of the defendant's non-residence. It also, upon an affidavit sufficient in form, obtained an attachment against the property of the defendant. The defendant, appearing by attorney for that purpose only, moved to vacate the attachment on the ground that both parties were foreign corporations, and that the action of the plaintiff could not be maintained in this State. The motion was granted at Special Term; and from the order vacating the attachment this appeal is taken.

Section 1780 of the Code of Civil Procedure makes provision for the cases in which a foreign corporation may be sued in this State. It provides, first, that an action against a foreign corporation may be maintained by a resident of the State or by a domestic corporation for any cause of action; secondly, that an action against a foreign corporation may be maintained by another foreign corporation or by a non-resident in one of the following cases only: 1st.

Where the action is brought to recover damages for the breach of a contract made within the State, or relating to property situated within the State at the time of the making thereof. 2d. Where it is brought to recover real property situated within the State, or a chattel which is replevied within the State; and 3d. Where the cause of action arose within the State, except where the object of the action is to affect the title to real property situated without the State. It is apparent that this action is not one within either of those provisions. It is brought for a cause of action which arose in the State of Pennsylvania upon a contract made and wholly to be performed, and the alleged breach of which occurred, within that State. Both parties being foreign corporations and each having its place of business in another State, are of course non-residents of this State. In *Ervin* v. *Oregon Navigation Company* (28 Hun, 269) this court held that since the adoption of section 1780 of the Code a foreign corporation can only be sued by a non-resident in one of the cases mentioned therein. But it is insisted by the counsel for the appellant that section 1780 is in conflict with the provisions of the Constitution of the United States, which declares that the citizens of each State shall be entitled to all the privileges and immunities of citizens of the several States. But without considering fully the elaborate and able arguments of the counsel upon that question, it is enough to say that the plaintiff in this case, being a corporation of Pennsylvania, is not, within the meaning of the Constitution, a citizen of that or any other State, and therefore may not claim in another State whatever rights and immunities are preserved by that instrument to the citizens of all the States. By section 1 of article 14 of the amendments to the Constitution, citizenship is expressly defined and declared as follows: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside."

This amendment does not declare corporations to be citizens. It applies to natural and not to artificial persons. The several decisions of the courts of the United States which have heretofore held that corporations are not citizens within the meaning of the Constitution are, therefore, applicable to and controlling of the construction to be given to the new amendment. (*Paul* v. *Virginia*, 8 Wall.,

181; *Conner* v. *Elliott*, 18 How. [U. S.], 591; *Lafayette Ins. Co.*
v. *French*, Id., 407; *Ducat* v. *Chicago*, 10 Wall., 410.)

But if it were otherwise, and the plaintiff corporation is to be
regarded as a citizen of Pennsylvania, it would not have the right to
maintain this action in our courts, because the right to maintain
such actions against foreign corporations is not one under our law
that pertains to citizenship, but is a right pertaining only to resi-
dence. A citizen of our State, who is not a resident of the State,
could not maintain the action under section 1780 of the Code, and
therefore a citizen of another State, who is not a resident of this
State, is equally denied the right to maintain such an action. There
is nothing therefore, we think, at all in conflict with any of the pro-
visions of the Constitution of the United States in our statutory
enactments controlling this class of cases. As the action cannot be
maintained it necessarily follows, therefore, that the right of attach-
ment cannot be upheld.

The motion was properly disposed of by the court below and the
order should be affirmed, with ten dollars costs and disbursements.

Brady and Daniels, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.